1

*Law Offices of*
**BONNETT, FAIRBOURN, FRIEDMAN**
**& BALINT, P.C.**
*2901 North Central Avenue*
*Suite 1000*
*Phoenix, Arizona 85012-3311*
*(602) 274-1100*

2

3

4

5

*Wendy J. Harrison (014461)*
*wharrison@bffb.com*
*Ty D. Frankel (027179)*
*tfrankel@bffb.com*
*Attorneys for Plaintiff*

6

7

8

IN THE UNITED STATES DISTRICT COURT

9

DISTRICT OF ARIZONA

10

11

12

13

14

15

16

17

| | |
|---|---|
| Wesley Stuart LEATHERS, <br><br> Plaintiff, <br><br> v. <br><br> AIRPARK COLLISION CENTER, LLC, an Arizona limited liability company; Gerald S. SMALL and Tina SMALL, husband and wife; and Robert STRINGER and Tracy STRINGER, husband and wife, <br><br> Defendants. | Case No. _____ <br><br> COMPLAINT <br><br> [JURY TRIAL DEMANDED] |

18

19

20

        Plaintiff Wesley Stuart Leathers (hereinafter referred to as Plaintiff) for his Complaint against Airpark Collision Center, LLC, Gerald S. Small, Tina Small, Robert Stringer, and Tracy Stringer (hereinafter collectively referred to as both "Defendants" and "Airpark") alleges as follows:

21

## I. NATURE OF THE CASE

22

23

24

25

        1.      Plaintiff brings this action against Airpark for its unlawful failure to pay overtime and off the clock wages in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (hereinafter "FLSA") and failure to make timely payment of wages under the Arizona Wage Statute, A.R.S. §§ 23-351, 23-353, and 23-355 ("Arizona Wage Statute").

26

27

28

        2.      This action is brought to recover unpaid overtime wage compensation, including unlawfully withheld wages for time worked off the clock, liquidated damages and statutory penalties resulting from Defendants' violations of the FLSA.

3.     This action is also brought to recover unpaid wages, including unlawfully withheld wages for time worked off the clock, treble damages and statutory penalties resulting from Defendants' violations of the Arizona Wage Statute.

## II.   JURISDICTION AND VENUE

4.     This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5.     Plaintiff's state law claim is sufficiently related to the FLSA claim that it forms part of the same case or controversy. This Court therefore has supplemental jurisdiction over Plaintiff's claim under the Arizona Wage Statute pursuant to 28 U.S.C. § 1367.

6.     Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in the state of Arizona within this District. Plaintiff was employed by Defendants in this District.

## III.   PARTIES

7.     At all times relevant to the matters alleged herein, Plaintiff Wesley Leathers resided in the State of Arizona in Maricopa County.

8.     Plaintiff was a full-time, non-exempt employee of Airpark from on or around January 9, 2007 until on or around February 7, 2012.

9.     Plaintiff was employed to perform various tasks during his tenure at Airpark, such as logging invoices into computer spreadsheets, shuttling vehicles where necessary, washing vehicles, and preparing vehicles for repairs or painting.

10.     During Plaintiff's tenure at Airpark, Plaintiff initially did not work for a predetermined wage but instead was paid hourly and thus his wages varied based on the amount of time he worked. At some time in or around the summer of 2009, Plaintiff became a salaried employee, but his tasks remained non-managerial in nature, as they had been during the time period when he was paid hourly.

11.     Plaintiff was an employee as defined in 29 U.S.C. § 203(e)(1) and was a non-exempt employee under 29 U.S.C. § 213(a)(1).

/ / / /

12.     Defendant Airpark is an Arizona limited liability company, authorized to do business in Arizona, and operates an auto body repair shop and finish facility in Scottsdale, Arizona.

13.     At all relevant times, Airpark was an employer as defined by 29 U.S.C. § 203(d) and A.R.S. § 23-350.

14.     Defendants Gerald S. Small and Tina Small are, upon information and belief, husband and wife. They have caused events to take place giving rise to this action as to which their marital community is fully liable. Gerald S. Small is the Owner of Airpark. Tina Small is an Owner of Airpark.

15.     Defendants Robert Stringer and Tracy Stringer are, upon information and belief, husband and wife. They have caused events to take place giving rise to this action as to which their marital community is fully liable. Robert Stringer is the Manager of Airpark.

16.     Under the FLSA, Defendants Gerald S. Small, Tina Small and Robert Stringer are employers. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. Defendant Gerald S. Small is the Owner of Airpark. Defendant Tina Small is an Owner of Airpark. Defendant Robert Stringer is the Manager of Airpark. They were at all times persons responsible for determining the method and rate of Plaintiff's payment of wages. As persons who acted in the interest of Airpark in relation to the company's employees, Gerald S. Small, Tina Small and Robert Stringer are subject to individual liability under the FLSA.

17.     At all relevant times, Defendants have been engaged in interstate commerce and have been an enterprise whose gross annual volume of sales made or business done is greater than $500,000.

## IV. FACTUAL BACKGROUND

18.     Airpark is an Arizona limited liability company operating an auto body repair shop and finish facility in Scottsdale, Arizona.

19.     On or around January 9, 2007, Plaintiff began employment with Airpark performing various repetitive tasks, including but not limited to preparing vehicles for repair and body work, washing cars, collecting garbage, and running parts.

3

20.     Plaintiff became parts manager in or around 2010 and remained in that position until February 7, 2012.

21.     Plaintiff's position as parts manager was essentially a change in title only, because Plaintiff performed nearly all of the same repetitive duties that he was required to perform previously.

22.     As parts manager, Plaintiff still prepared vehicles for repair and body work, washed cars, collected garbage, and ran parts.

23.     Plaintiff's primary duty as parts manager, however, was data entry related to automobile parts.

24.     Despite the title of parts manager, Plaintiff had no actual managerial authority, as his duties still consisted of repetitive tasks that were mostly performed in his previous position as well.

25.     Plaintiff was initially paid an hourly wage dependent on the quantity of time worked, with no predetermined amount of wages that would be received by Plaintiff.  In or around summer 2009, Plaintiff began receiving a salary, although he remained a non-exempt employee performing predominately the same or similar repetitive tasks that he previously performed for Airpark.

26.     Plaintiff never had any management duties during his employment, and in fact was told by management upon becoming parts manager that he did not have such authority.

27.     Plaintiff routinely worked with knowledge of management, and often at management's request, in excess of forty hours per week during his tenure at Airpark.

28.     Specifically, Plaintiff routinely worked approximately fifty-five hours per week.

29.     Despite being routinely required to work in excess of forty hours per week, Plaintiff was not paid the premium one and one-half times his regular rate as required under the FLSA for hours worked over forty in a workweek.

30.     Defendants knew that Plaintiff regularly worked more than forty hours in a workweek.

31.     Defendants also had a policy and practice of requiring Plaintiff to work off the clock for which he did not receive wages.

32.     Airpark management routinely required Plaintiff to perform duties off the clock for which Plaintiff was not paid.

4

33.     Plaintiff complained to management about working off the clock without compensation, but he was told to perform the tasks anyway.

34.     For example, Plaintiff was routinely required by Airpark to move vehicles and perform various other tasks after clocking out, without receiving compensation for that time spent working.

35.     Plaintiff also routinely performed tasks, such as opening the shop, prior to clocking in because he had to wait for the computer on which he clocked in to load upon arrival at Airpark at the beginning of his shift.

36.     As a result, Airpark wrongfully withheld wages from Plaintiff by failing to pay all wages due for hours Plaintiff worked.

## V.   COUNT ONE

**(Failure to Pay Proper Overtime Wages - FLSA - 29 U.S.C. § 207)**

37.     Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

38.     Plaintiff was a non-exempt employee entitled to the statutorily mandated overtime wage.

39.     Airpark was an employer.

40.     Airpark failed to comply with 29 U.S.C. § 207 by failing to pay Plaintiff the statutorily required overtime wage of one and one-half times Plaintiff's regular rate for hours worked by Plaintiff in excess of forty in a workweek as required by the FLSA.

41.     Defendants also failed to compensate Plaintiff for work permitted to be done off the clock.

42.     Defendants failure to pay overtime to Plaintiff was willful. Defendants knew Plaintiff was working overtime but failed to pay proper overtime wages. Defendants had no reason to believe its failure to pay overtime was not a violation of the FLSA.

43.     Plaintiff is entitled to statutory remedies provided pursuant to 29 U.S.C. § 216(b), including but not limited to liquidated damages and attorneys' fees.

/ / / /

/ / / /

## VI.  COUNT TWO

### (Failure to Timely Pay Wages Due - Arizona Wage Statute)

44.   Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

45.   At all relevant times, Plaintiff was employed by Airpark within the meaning of the Arizona Wage Statute.

46.   Defendants were aware of their obligation to pay timely wages pursuant to A.R.S. § 23-351.

47.   Defendants were aware that, under A.R.S. § 23-353, they were obligated to pay all wages due to Plaintiff.

48.   Defendants failed to compensate Plaintiff for work permitted to be done off the clock.

49.   Defendants failed to timely pay Plaintiff his regular and overtime wages due without a good faith basis for withholding the wages.

50.   Defendants have willfully failed and refused to timely pay regular and overtime wages due to Plaintiff.  As a result of Defendants' unlawful acts, Plaintiff is entitled to the statutory remedies provided pursuant to A.R.S. § 23-355.

## VII.  REQUESTED RELIEF

WHEREFORE, the Plaintiff prays:

A.   For the Court to declare and find that the Defendants committed one or more of the following acts:

      i.   violated overtime provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime wages, in addition to wages for time permitted to be worked off the clock;

      ii.   willfully violated overtime provisions of the FLSA, 29 U.S.C. § 207;

      iii.   willfully violated the Arizona Wage Statute by failing to timely pay all wages due to Plaintiff;

B.   For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b) and/or treble damages pursuant to A.R.S. § 23-355, to be determined at trial;

6

C.    For the Court to award interest on all wage compensation due accruing from the date such amounts were due;

D.    For the Court to award such other monetary, injunctive, equitable, and declaratory relief as the Court deems just and proper;

E.    For the Court to award restitution;

F.    For the Court to award Plaintiff's reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b) and A.R.S. § 12-341.01;

G.    For the Court to award pre- and post-judgment interest;

H.    For the Court to award Plaintiff's resulting consequential damages, in an amount to be proven at trial; and,

I.    For such other relief as the Court deems just and proper.

## VIII.  DEMAND FOR JURY TRIAL

44.    Plaintiff hereby demands trial of his claims by jury to the extent authorized by law.


RESPECTFULLY SUBMITTED this 24th day of February, 2012.

BONNETT, FAIRBOURN, FRIEDMAN
& BALINT, P.C.


By   s/ Ty D. Frankel
        Wendy J. Harrison
        Ty D. Frankel
        2901 N. Central Avenue, Suite 1000
        Phoenix, Arizona 85012
        Attorneys for Plaintiff

7